FILED
4/9/2021 3:23 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

2021CI06952

Case 1:21-cv-00493 Document 1-1 Filed 06/04/21 Page 1 of 7 CIT PPS

CAUSE NO: _____    1:21 - CV - 00493

| | | |
|---|---|---|
| **NORMAN L. SHAHEEN,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | <u>225th</u>  **JUDICIAL DISTRICT** |
| | § | |
| **COSTCO WHOLESALE** | § | |
| **MEMBERSHIP, INC.,** | § | |
| *Defendant.* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, NORMAN L. SHAHEEN, hereinafter referred to as "Plaintiff", complaining of COSTCO WHOLESALE MEMBERSHIP, INC., hereinafter referred to as "Defendant", and for causes of action would respectfully show unto the Court the following facts:

### Discovery

1. Plaintiff intends to conduct discovery under Level 3 of the TEXAS RULES OF CIVIL PROCEDURE 190.4 because the suit involves Plaintiff's monetary relief totaling over $1,000,000.00 including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. TEXAS RULES OF CIVIL PROCEDURE 47(c)(5).

### Parties and Service

2. Plaintiff NORMAN L. SHAHEEN is an individual residing in Schertz, Guadalupe County, Texas.

3. Defendant **COSTCO WHOLESALE MEMBERSHIP, INC.** is a Foreign For-Profit Corporation headquartered in Issaquah, Washington. Defendant owns and operates the Costco located at 15330 Interstate 35 North, Selma, Bexar County, Texas, 78154. Defendant

1

COSTCO WHOLESALE MEMBERSHIP, INC. can be served by serving their **Registered Agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136** by Certified Mail R.R.R. through a Private Process Server.

<u>Misnomer, Alter-Ego and Assumed Name</u>

4. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Vernon's TEXAS REVISED CIVIL STATUTES ANNOTATED, Art. 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to properly identify the corporate Defendants herein.

<u>Jurisdiction</u>

5. This Court has jurisdiction of this case as Plaintiff's damages are within the jurisdictional limits of this Court. Further, Defendant has a retail outlet located in Selma, Bexar County Texas and does business in Bexar County, Texas.

<u>Venue</u>

6. Venue is properly had in Bexar County, Texas pursuant to the general venue provision of §15.002(a)(1) of TEXAS CIVIL PRACTICE AND REMEDIES CODE in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Selma, Bexar County, Texas.

<u>Plaintiff's Narrative</u>

7. On or about **October 11, 2019** at approximately 1:07 p.m., Plaintiff, a 79-year-old, physically active, retired U.S. Marine, and his wife of 57 years, Nancy, were business invitees at Defendant's Costco store #1006 in Selma, Bexar County, Texas. On that date, Plaintiff and his wife had purchased food in the Costco Food Court and while walking to a

table, Plaintiff slipped and fell due to an unknown substance on the floor. Based on a witness statement, the substance may have been or raw chopped onions from the hot dog condiment bar. When Plaintiff fell to the floor he struck his head, shoulders, and back causing extreme pain.

8. As a proximate result of the aforementioned incident and Defendant's negligence, Plaintiff was caused to suffer serious and permanent physical injuries, severe pain & mental anguish, impairment, disfigurement, and other damages as hereinafter described.

## Causes of Action

9. <u>Premises Liability</u> - Defendant, as possessors of the business premises, had a duty to Plaintiff and all other shoppers to maintain their floors in such a manner as to not pose an unreasonable risk of harm. Defendant knew or should have known of the risks and dangers posed by having a hot dog condiment bar where customers can fill their hot dogs with topics of their choice. No removable mats or washable carpets were laid down to prevent falls such as that suffered by the Plaintiff. In fact, the floor was just a concrete floor with a high gloss shine with no reasonable and inexpensive slip prevention measures in place. Defendant breached their duty of ordinary care owed to Plaintiff by (a) failing to adequately warn Plaintiff of the condition, and (b) failing to make the condition reasonably safe. It was these breach of duties by Defendant that was the proximate cause of Plaintiff's injuries discussed more specifically below.

10. <u>Negligent Supervision and Training</u> – Defendant further breached their duty to Plaintiff by not providing their employees and management with proper supervision, safety training, knowledge, and education of slip & fall prevention measures as well as general floor safety policies and procedures. Defendant breached their duty to Plaintiff by not laying out none-slip rubber mats or washable carpet mats in and around a hot dog condiment bar. Plaintiff's fall was literally an "accident waiting to happen" and his injuries were a foreseeable

consequence of Defendant's continued lack of attention to prudent business practices. Defendant's employees and management are incompetent when to comes to floor safety and it was their acts and omissions that fell below the standard of care of a reasonable and prudent food court operator.

11. <u>Respondeat Superior</u> – Defendant's management and employees were not properly trained on slip & fall prevention and general safety policies and procedures as described above. Accordingly, through the equitable theory of respondeat superior, Defendant is vicariously liable for the acts and/or omissions of its employees and management who were acting within the course and scope of their employment on the day of Plaintiff's injuries.

12. Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, were the proximate causes of the Plaintiff's physical and mental injuries made the basis of this cause of action. The injuries suffered by Plaintiff and the damages sustained by Plaintiff are hereinafter described with more particularity.

<u>Damages</u>

13. Plaintiff further alleges that as a direct and proximate result of the conduct, and/or negligent acts of and/or omissions of Defendant, Plaintiff is entitled to recover at least the following legal damages:

  a. Reasonable and necessary health care expenses incurred in the past including kyphoplasty surgery at the T-10 vertebrae;

  b. Reasonable and necessary health care expenses including additional surgeries which, in all reasonable probability, will be incurred in the future;

  c. Physical pain and mental anguish suffered in the past;

  d. Physical pain and mental anguish which, in all reasonable probability, will be

      endured and suffered in the future;

e.    Physical impairment, disability, and loss of enjoyment of life, past and future;

f.    Physical disfigurement, past and future; and

g.    Loss of consortium and loss of household services.

### Costs and Interests

14. It was necessary for the Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, awards of these costs to the Plaintiff are authorized by Rule 131 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff is also entitled to pre-judgment and post-judgment interest as allowed by law.

### Request for Disclosure

15. Pleading further and pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby request that Defendant disclose, within **fifty (50) days** of service of this petition and accompanying request, any and all information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l).

### Request for Production

16. Pleading further and pursuant to Rule 196.1 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby request that Defendant produce, within **fifty (50) days** of service of this petition and accompanying request, the following relevant documents and/or discoverable material:

a.    All employee rosters or schedules for October 11, 2019 showing the employee's name and position.

b.    All incident reports pertaining to Norman L. Shaheen's fall and injury on October 11, 2019.

c.    All witness statements related to Norman L. Shaheen's fall and injury on October 11, 2019 whether they are written or recorded.

d. A list of all employees and management, including their home address and phone number, who interacted with Norman L. Shaheen and Nancy Shaheen after Norman L. Shaheen's injury was reported to Costco staff.

e. All videos or photographs depicting Norman L. Shaheen on October 11, 2019 including going into Costco store # 1006, his fall in the Food Court, and his exiting Costco store # 1006.

f. All photographs or videos taken by Costco employees or management of the floor in the Food Court after Norman L. Shaheen slipped & fell.

g. All incident reports and/or internal investigations relating to slip & falls or trip & falls in the Food Court of Costco store # 1006 from October 11, 2014 to present.

h. All memos, agendas, hand-outs, PowerPoint presentations, and videos used in daily, weekly, or monthly safety meetings regarding the proper maintenance, cleanliness, slip prevention, and safety of Costco floors.

i. Samples of the restroom floor cleaner and/or degreaser (manufacturer, brand, mixing and application instructions) used on the Food Court floor at Costco store #1006 floor on October 11, 2019.

j. All contracts, if any, with a third-party company and/or vendor who was responsible for cleaning and maintaining the floors in the Food Court of Costco store #1006 in October, 2019. Please also include any and all invoices for this service dated the month of October, 2019.

k. All contracts, if any, with a third-party company and/or vendor who was responsible for providing rubber non-slip mats or washable carpeted mats used on the floors in the Food Court of Costco store #1006 in October, 2019. Please also include any and all invoices for this service dated the month of October, 2019.

l. A copy of Defendant's liability insurance policy and Declarations Page that was in effect on October 11, 2019 showing the amount of insurance coverage in the event a customer is injured on Defendant's premises as well as any "Umbrella" policies.

<u>Jury Request</u>

17. Plaintiff respectfully requests the Court to order a trial on the merits by jury.

<u>Prayer</u>

**WHEREFORE, PREMISIS CONSIDERED**, Plaintiff prays on final trial, the Honorable Court render judgment in favor of the Plaintiff and against the Defendant for the following:

a. Damages, actual, special, and otherwise in an amount of $1,000,000.00 or more;

b. all costs of Court;

c. both pre-judgment and post-judgment interest at the maximum legal rate; and

d. for such other and further relief both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF GREGORY V. GALLAGHER**
221 Val Verde Dr.
New Braunfels, Texas 78130
Tel:    (808) 283-3155
E-Mail: greginmaui12@gmail.com

*/s/Gregory V. Gallagher*
GREGORY V. GALLAGHER
State Bar No. 24032336
*Attorneys for Plaintiff*